Case 4:24-mc-01523    Document 9    Filed on 02/03/25 in TXSD    Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>JACKSON WALKER LLP | § <br> § <br> §    CASE NO. 4:24-MC-1523 <br> § <br> § <br> § |

## ORDER

In September 2024, Bankruptcy Judge Marvin Isgur wrote to Chief Judge Randy Crane advising that Jackson Walker LLP "appears to have engaged in conduct that warrants disciplinary action" under Rule 6 of the Disciplinary Rules of this District. Judge Isgur did note that Rule 6 addresses only disciplinary referrals of individual attorneys, not law firms. But he analogized to Rule 11 of the Federal Rules of Civil Procedure, made applicable to the Bankruptcy Courts through Rule 9011 of the Bankruptcy Rules, and the inherent power of a court to sanction in very limited circumstances—"only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled," *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008) (quotation marks and quoting reference omitted).

Judge Isgur complained that Jackson Walker failed to disclose the intimate relationship of one of its partners, Elizabeth Freeman, to Judge David Jones, even after one of the firm's partners became aware of that relationship. Judge Isgur complained that during the period in which at least some Jackson Walker partners knew of the relationship and did not disclose it, Jackson Walker continued to represent clients in cases in Judge Jones's court. Judge Isgur asked this court to conduct an inquiry into Jackson Walker's conduct under Rule 6 of the Disciplinary Rules of this District.

The matter was randomly assigned to the undersigned judge, who met with and gathered statements from counsel from Jackson Walker and from the U.S. Trustee, who is not a party but clearly has an interest. During this same period, several lawsuits were proceeding against Jackson Walker, in which the same underlying facts are urged as the basis to issue orders that would ultimately require Jackson Walker to disgorge fees it had been paid in cases in Judge Jones's court before disclosing the relationship between Judge Jones and Ms. Freeman, as well as other penalties.

As this court further studied the issues in the disciplinary referral from Judge Isgur, several points about this court's authority under the Southern District of Texas disciplinary rules emerged. This court has no authority to impose a financial penalty on a law firm under our Disciplinary Rules. Indeed, this court has no explicit authority under the Disciplinary Rules to impose a disciplinary sanction against a law firm, as opposed to an individual lawyer. The basis for that limitation is that it is often unwarranted and unjust to sanction an entire firm for actions that are primarily, if not entirely, those of a few individuals within the firm. The result would be to sanction many who had no involvement in, or knowledge about, any wrongdoing. As a result, our Disciplinary Rules explicitly authorize disciplinary charges only against a "lawyer of this bar" and disciplinary proceedings and actions only against a "lawyer." Our Rules do not mention charges or discipline against a law firm. Our records show that although the court has regularly sanctioned individual lawyers under our Disciplinary Rules, we have not sought or imposed sanctions against a law firm.

Judge Isgur acknowledged in his disciplinary complaint that Rule 6 applied only to individual attorneys, but invoked Rule 11 and the court's "inherent power" as sources of authority to issue sanctions against Jackson Walker, the firm. Rule 11, of course, applies only to pleadings

and has a safe harbor provision that does not appear to have been applied or followed here. And while the court has "inherent power" in the area of sanctions, it is anomalous to use inherent power to avoid an express limitation on the court's authority under rules that the court itself wrote and approved. In this instance, reliance on inherent power would circumvent an explicit provision of the very rule that the court would be relying on as the basis of the sanction. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991).

Judge Isgur has agreed to withdraw his complaint, given the fact that it seeks sanctions against an entity our rules do not contemplate. At the same time, counsel for Jackson Walker are facing several cases seeking severe sanctions in the form of disgorged fees and other financial penalties. There is no risk that Jackson Walker and some of its lawyers will escape scrutiny and potential punishment for the failure to disclose that led to this complaint in the first place. Given this fact, and given the fact that the disciplinary charge issued against Jackson Walker seeking sanctions from this court sought relief that this court's rules do not expressly authorize, the undersigned judge recommends closing the complaint and allowing the many other proceedings against Jackson Walker growing out of the same facts to take their course.

SIGNED on February 3, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge